IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lusian,<br><br>        Petitioner,<br><br>vs.<br><br>Warden Kimble, et al.,<br><br>        Respondents. | No. CV 05-1399-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is Petitioner Jason Lusian's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Pursuant to plea agreements in two different cases, Petitioner was convicted and sentenced on March 10, 2000, in the Maricopa County Superior Court. Doc. #14, Exh. K, L. In the first case, Petitioner pled guilty to one count of attempted sexual conduct with a minor and was sentenced to lifetime probation, which is scheduled to begin following his release from the prison sentence imposed in the second case. Id. at Exh. K. In the second case, Petitioner pled guilty to one count of sexual conduct with a minor and one count of attempted sexual conduct with a minor. Id. at Exh. L. Petitioner was sentenced to 20 years in prison for the first count and a consecutive term of lifetime probation on the second count. Id. at Exh. L.

1       On May 11, 2000, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  Doc. #14, Exh. N.  On January 16, 2001, the attorney appointed to represent Petitioner in the post-conviction proceedings filed a notice stating that he was unable to find any claims to raise and requesting permission for Petitioner to file a *pro se* petition.  Id. at Exh. O.  Petitioner then filed a *pro se* Petition for Post-Conviction Relief on March 6, 2001, within the time set by the trial court.  Id. at Exh. Q.  The trial court denied the petition in a Minute Entry filed on May 30, 2001.  Id. at Exh. U.  Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on March 15, 2002, because Petitioner's request for review was not filed within the 30 day time limit.  Id. at Exh. V.  Petitioner did not seek review of this first petition with the Arizona Supreme Court.

      Petitioner filed a second Notice of Post-Conviction Relief on February 26, 2003, which was denied by the trial court on March 24, 2003.  Doc. #14, Exh. W, X.  Petitioner filed a Petition for Review to the Arizona Court of Appeals which was denied on May 26, 2004.  Id. at Exh. Y, Z.  Petitioner's subsequent Petition for Review to the Arizona Supreme Court was denied on October 26, 2004.  Id. at Exh. AA, BB.

      On May 11, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court.  Doc. #1.  On August 15, 2005, Respondents filed an Answer to Petition for Writ of Habeas Corpus.  Doc. #14.  Petitioner did not file a reply despite being told he could do so in the screening order.  Doc. #5 at 2.

**DISCUSSION**

      Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period.  They argue that even though the statute of limitations was tolled for a period of time, Petitioner still failed to file a timely petition.  Respondents further argue that even if the court finds that the petition was timely, the claims are procedurally defaulted.  Because Petitioner did not file a reply, he has not addressed either the statute of limitations or procedural default arguments.  Based on the information

1 presented, the court finds that the habeas petition was not filed within the statute of
2 limitations period. As a result, the court need not address the procedural default issue.

3 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
4 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
5 See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from
6 "the date on which the judgment became final by the conclusion of direct review or the
7 expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v.
8 Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, "[t]he time during which a properly
9 filed application for State post-conviction or other collateral review with respect to the
10 pertinent judgment or claim is pending shall not be counted toward" the limitations period.
11 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A state petition that is not filed
12 within the state's required time limit is not "properly filed" and, therefore, the petitioner is
13 not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When
14 a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for
15 purposes of § 2244(d)(2)." Id.

16 A post-conviction petition is "clearly pending after it is filed with a state court, but
17 before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th
18 Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction
19 relief is filed even though the petition is not filed until later. Isley v. Arizona Department of
20 Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
21 is also pending during the intervals between a lower court decision and a review by a higher
22 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,
23 536 U.S. 214, 223 (2002). However, the time between a first and second application for
24 post-conviction relief is not tolled because no application is "pending" during that period.
25 Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner
26 was "not entitled to tolling during the interval between the completion of one round of state
27 collateral review and the commencement of a second round of review."). Moreover, filing
28 a new petition for post-conviction relief does not reinitiate a limitations period that ended

- 3 -

1 before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
2 2003).

3     Petitioner was convicted and sentenced on March 10, 2000. Doc. #14, Exh. K, L.
4 By pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P.
5 17.1(e). As a result, the judgement became final for statute of limitations purposes on March
6 10, 2000 and the limitations period began to run on that date. See 28 U.S.C. § 2244(d)(1)(A).
7 Petitioner filed his first notice of post-conviction relief on May 11, 2000, thus tolling the
8 statute of limitations period after 62 days had passed. Doc. #14, Exh. N. The petition itself
9 was then filed on March 6, 2001. Id. at Exh. Q. The trial court denied the petition on May
10 30, 2001. Id. at Exh. U. Although Petitioner sought review in the Arizona Court of Appeals,
11 he failed to do so within 30 days. See Ariz. R. Crim. P. 32.9(c) (petition for review must be
12 filed withing 30 days after the final decision of the trial court). As result, the petition for
13 review was denied as untimely in an order filed on March 15, 2002. Doc. #14, Exh. V.

14     Because the petition for review was not timely, it was not "properly filed" as required
15 by 28 U.S.C. § 2244(d)(2). See DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). As a result, the
16 tolling period for the post-conviction proceedings ended upon the expiration of the 30 day
17 time limit for filing a petition for review because anything filed after that date was not
18 "properly filed." Therefore, the statute of limitations was tolled from May 11, 2000 (the
19 filing date of the notice of post-conviction relief) to June 29, 2001 (the expiration date for
20 a "properly filed" petition for review), after which it began to run again. After considering
21 the 62 days that had already run, Petitioner had 303 days remaining, until April 28, 2002,
22 before the statute of limitations expired. Petitioner did not file his federal habeas petition
23 until May 11, 2005, more than three years after the deadline.

24     Petitioner filed a second notice of post-conviction relief on February 26, 2003. Doc.
25 #14, Exh. W. However, the time between the two applications for post-conviction relief was
26 not tolled. See Biggs, 339 F.3d at 1048. Consequently, by the time Petitioner filed the
27 second notice, the limitations period had already expired. Moreover, the filing of the new
28

- 4 -

notice did not resurrect the already expired limitations period. See Ferguson, 321 F.3d at 823.

For the foregoing reasons, the court finds that Petitioner's habeas petition filed on May 11, 2005, is untimely under 28 U.S.C. § 2244(d)(1), (2). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 14th day of April, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge